DAVID M. BURNS, plaintiff in error, vs. JAMES W. HAR-
VELL, defendant in error.

Under the Act of February 20, 1856, a promise to take a case out of the
Statute of Limitations *must* be in writing. The statute admits of no
exceptions.

*Certiorari,* in Jackson Superior Court.    Decided by Judge
HUTCHINS, at the February Term, 1861.

The adjudication of the question in this case depends upon
the facts following:

David M. Burns had an account against James W. Har_
vell, amounting in the aggregate to the sum of $22 27, con-
sisting of various items dated at different times, commencing
the 2d of January, 1852, and ending 21st March, 1857.

In the early part of the year 1860, the parties agreed, that
Burns should sell and deliver to Harvell twenty bushels of
corn, at one dollar per bushel, in consideration of which
Harvell agreed and promised that he would pay the account
aforesaid, and also pay $1 20 per bushel for the corn, if not
punctually paid by a certain time agreed on, to-wit: the 21st
of January, 1860.    The corn was delivered to Harvell, in
consideration of his agreement to pay the account, and but
for such agreement, the corn would not have been delivered.
Harvell failing to pay the account, or to pay for the corn by
the time agreed on, Burns sued him on the account, with an
additional item for the corn added thereto, at the price of
$1 25 per bushel, to the March or April Term, 1860, of the
Justice's Court.

Harvell pleaded the Statute of Limitations.    On the trial
in the Justice's Court the plaintiff proved the account by the
production of his books, and also proved the sale and de-
livery of the corn under the agreement aforesaid and closed.

The jury returned a verdict in favor of Burns for "$25 00
for the corn, with interest from the time it was to be paid,
and all the old account that is in date."

The case was carried to the Superior Court by *certiorari,*
and upon the hearing, the presiding Judge dismissed the

Burns *vs.* Harvell.

*certiorari* and affirmed the judgment of the Justice's Court, on the ground that the promise to pay the account, in order to be valid, and to relieve the same from the bar of the Statute of Limitations, must be in writing.

This decision is complained of as error.

J. B. DAVIS, for plaintiff in error.

WILLIAM L. MARLER, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The only question in this sase is, whether that part of the plaintiff's account, which was barred by the Statute of Limitations, was revived by the subsequent promise of the defendant to pay it? We do not think that it was. The Act of February 20, 1856, Pam. 238, declares, "that from and after the passage of this Act, no promise or acknowledgement of a debt made after the Statute of Limitations has commenced shall be sufficient to revive the same, unless such promise, acknowledgment or admission shall be reduced to writing, or some note or memorandum thereof made in writing and subscribed by the person or persons making the same, or some other person thereunto by him lawfully authorized." Under this Act, the promise to revive the old debt must be in writing, no matter whether made with or without consideration. The statute is imperative, admits of no exception, and we have no power or wish to go beyond its plain letter.

Let the judgment be affirmed.